## Wood v. Wood.

*Divorce—Petition for alimony—Order for support in the Quarter Sessions.*
A respondent in a divorce case who has obtained an order for support in the Court of Quarter Sessions cannot secure an order for alimony, but may apply for · an increase of such order for support.

Petition for alimony. C. P. Schuylkill Co., May T., 1924, No. 329.

J. H. Rothstein, for rule; G. M. Paxson and A. D. Knittle, contra.

KOCH, J.—In her petition for alimony and counsel fees, the respondent avers that the libellant is earning $200 or $250 per month; that she is without funds to employ counsel to represent her in this proceeding, and that she is also without sufficient funds for the support of herself and children. In his answer, the libellant avers that, at the March Term of our Court of Quarter Sessions, we directed the libellant to pay to his wife $50 every two weeks for the support of the children, who were then, and are now, living with the respondent. We were given to understand by counsel on both sides, when argument was heard on this rule, that one of the children is earning $50 a month, and that the mother receives the child's earnings in addition to the $50 which her husband pays to her every two weeks under the order of the court.

The ground for divorce which is alleged in this case is adultery by the respondent with one Charles Liddle, and the libellant, in his answer to this rule, says: "That very shortly after said order for non-support was made, the respondent moved herself and children from libellant's home and is now living with the co-respondent, Charles Liddle, although the court, at the time the order for support was made, cautioned the respondent that she had to get rid of the said Charles Liddle as a boarder." A jury trial is asked for in the case.

Under the circumstances, the respondent is entitled to counsel fees: Breinig v. Breinig, 26 Pa. 161, 165. But we doubt her right to an order in this court for alimony, in view of the order hitherto made by the Court of Quarter Sessions of the Peace. If the amount ordered to be paid at that time be insufficient to take care of the respondent and her children, she can apply to that court for an increase of the amount, and upon such an application the matter can be fully investigated and a proper order made. As to alimony, we think this case is analogous to the cases of Bloom v. Bloom, 17 Pa. C. C. Reps. 478, and Shepherd v. Shepherd, 18 Pa. C. C. Reps. 614.

And now, July 28, 1924, the rule is made absolute as to counsel fees, and the libellant is directed to pay to the respondent the sum of $100 for counsel fees, but as to alimony the rule is discharged, without prejudice, however, to the respondent's right to ask for a modification of the order hitherto made in the Quarter Sessions of the Peace.

From M. M. Burke, Shenandoah, Pa.